**Otto J. Unterbrink, Appellee, v. City of Alton (not appealing) and Horatio J. Bowman, Trustee, Appellant.**

### (Not to be reported in full.)

Appeal from the Circuit Court of Madison county; the Hon. J. F. Gillham, Judge, presiding. Heard in this court at the October term, 1916. Affirmed. Opinion filed April 13, 1917.

### Statement of the Case.

Action by Otto J. Unterbrink, plaintiff, against the City of Alton and Horatio J. Bowman, trustee of the estate of Simeon Ryder, an insane person, defendants,

to recover damages for personal injuries sustained from falling into a coalhole in a sidewalk in said city. From a judgment for plaintiff for $2,000, defendant Bowman appeals.

R. D. WATSON, WILLIAM P. BOYNTON and WARNOCK, WILLIAMSON & BURROUGHS, for appellant.

J. V. E. MARSH, for appellee.

MR. JUSTICE BOGGS delivered the opinion of the court.

## Abstract of the Decision.

**1.** LANDLORD AND TENANT, § 258*—*when evidence of prior accidents is admissible in action against landlord for injuries due to defective covering of coalhole.* In an action against the trustee of an estate to recover damages for injuries sustained by plaintiff as the result of stepping on a loose iron lid covering a coalhole in a public sidewalk, *held* that evidence that prior to the renting of the premises to the tenant, who was in occupancy at the time of the accident in question, different persons had stepped into such coalhole because the lid was loose, notice of which had been brought to the defendant, was competent as tending to show the unsafe or defective condition of the coalhole.

**2.** LANDLORD AND TENANT, § 258*—*when evidence sufficient to show that condition was same as at time of prior accidents.* In an action against the trustee of an estate to recover damages for injuries sustained by plaintiff as the result of stepping on a defective lid covering a coalhole in a public sidewalk, where the evidence was conflicting on the question whether, when the premises were rented to the tenant, the coalhole was in the same condition as at the time prior accidents occurred, *held* that the finding of the jury in favor of plaintiff would not be disturbed.

**3.** LANDLORD AND TENANT, § 260*—*when instruction in action for injuries is in conformity with evidence.* In an action against the trustee of the owner of premises to recover for injuries sustained by plaintiff as the result of stepping on a loose coalhole cover, where there was a conflict in the evidence as to whether the dangerous condition of the coalhole existed with the knowledge of

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

Unterbrink v. City of Alton et al., 206 Ill. App. 253.

the defendant at the time of renting the premises to the tenant in occupancy at the time of the accident, and where the defendant contended that an instruction that if the jury found that defendant was guilty of the negligence charged in either count of the declaration, and that plaintiff suffered damage as charged, and that plaintiff was exercising due care, the verdict should be for plaintiff, was erroneous as it permitted recovery on either count though there was no evidence to sustain the first count, *held* that under the evidence in the case there was no error in the giving of such instruction.

4. APPEAL AND ERROR, § 1241*—*when giving of erroneous instruction may not be complained of.* The giving of an instruction based on an incorrect theory cannot be complained of where several instructions given on behalf of the party complaining were based on the same theory.

5. DAMAGES, § 120*—*when verdict for personal injuries is not excessive.* A verdict for $2,000, *held* not excessive for injuries to a tailor earning $20 per week and who also earned from $100 to $200 per year playing in a band, where although it was not clear as to whether the injuries were permanent, it appeared that they were severe and affected the kidneys and the nervous system, and resulted in decrease of weight, entire loss of salary for five weeks, and the reduction of earnings to $10 per week for five months, and at the time of the trial, two years after the accident, the plaintiff's breathing was still affected so that he could not play in the band, and he had expended over $150 in endeavoring to be cured.

6. DAMAGES, § 241*—*when verdict not disturbed because excessive.* The question of damages in an action for personal injuries is a question for the jury, and unless the reviewing court can say that in assessing the damages the jury have been governed by prejudice or passion, such court is not warranted in setting the verdict aside on the ground of excessiveness.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.